# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONNE A. SINGLETON,<br><br>　　　　　Petitioner,<br>　vs.<br><br>L.E. SCRIBNER, Warden,<br><br>　　　　　Respondent. | CASE NO. 06cv1392-IEG(BLM)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING MOTION TO DISMISS [Doc. No. 13]; REQUIRING RESPONDENT TO FILE ANSWER TO PETITION |

Petitioner Latonne A. Singleton, a state prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss arguing the petition was time-barred pursuant to 28 U.S.C. § 2244(d). On February 9, 2007, Magistrate Judge Barbara L. Major filed a Report and Recommendation ("R&R"), recommending the Court deny Respondent's motion to dismiss. On March 1, 2007, Respondent filed objections. On March 27, 2007, Petitioner filed a written reply to the objections.

Following *de novo* review, for the reasons set forth herein, the Court REJECTS Respondent's objections to the R&R, ADOPTS IN FULL the R&R, DENIES Respondent's motion to dismiss, and ORDERS Respondent to file an answer to the Petition.

### *Background*

The relevant procedural background is fully set forth in Magistrate Judge Major's R&R. The California Supreme Court denied Petitioner's petition for review on direct appeal on May 12,

2004. [R&R, p. 7 (citing Lodgment 2).] Petitioner's conviction, therefore, became final on August 10, 2004, upon the expiration of the 90-day period in which Petitioner could have sought certiorari in the United States Supreme Court. [Id. (citing Bowden v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999)).]

Petitioner filed a state habeas petition seeking review by the California Supreme Court on September 7, 2004,[1] twenty-seven days after his conviction became final. [R&R, p. 4 (citing Lodgment 4.] The California Supreme Court denied the habeas corpus petition on July 27, 2005. [R&R, p. 4, (citing Lodgment 5).] Petitioner filed his federal habeas corpus petition on July 3, 2006, 340 days after the California Supreme Court denied his habeas corpus petition.[2] [R&R, p. 10.]

The statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2) during the pendency of Petitioner's state habeas corpus proceedings. However, the statute ran for 27 days between the time Petitioner's conviction became final on August 10, 2004 and the date Petitioner filed his state habeas corpus petition on September 7, 2004. The statute then ran for 340 days from the denial of Petitioner's state habeas corpus petition on July 27, 2005 until he filed his federal habeas corpus petition on July 3, 2006. As a result, the statute of limitations ran for a total of 367 days after Petitioner's conviction became final and before Petitioner filed his federal habeas corpus petition. [R&R, p. 10.] Neither Petitioner nor Respondent dispute Magistrate Judge Major's calculation of these dates. As a result, the Petition was filed two days late and is barred by 28 U.S.C. § 2244(d)(2) absent equitable tolling.

### *Magistrate Judge Major's Report and Recommendation and Respondent's Objections*

Respondent moved to dismiss the Petition, arguing it was barred by 28 U.S.C. § 2244(d)(2). In opposition to the motion, Petitioner argued the Court should find the statute of limitations was equitably tolled because his access to the law library was impacted by the almost continuous full or modified lockdown status of the prison since May 26, 2004.

---

[1] Magistrate Judge Major properly afforded Petitioner the benefit of the mailbox rule under Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] Again, Magistrate Judge Major properly afforded Petitioner the benefit of the mailbox rule.

1    Magistrate Judge Major found, based upon the facts set forth by Petitioner in his
2 opposition, that Petitioner had "diligently pursued his rights." [R&R, p. 14, (citing Pace v.
3 DiGulielmo, 544 U.S. 408, 418 (2005) and Roy v. Lampert, 465 F.3d 964, 971 (9th Cir. 2006)).
4 Magistrate Judge Major further found, based upon Petitioner's substantial evidence documenting
5 the duration of the lockdowns at Calipatria State Prison and the limitations imposed upon his
6 ability to access the law library during those lockdowns, that Petitioner had shown "extraordinary
7 circumstances." [R&R, pp. 15-16 (citing Pace, 544 U.S. at 418).]  Finally, Magistrate Judge
8 Major found, based upon the extensive duration of the lockdowns and the and onerous restrictions
9 imposed during those lockdowns, that "the library access restrictions 'were the but-for and
10 proximate cause of [Petitioner's] untimeliness' for at least three days . . . ." [R&R, p. 17 (citing
11 Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001)).]  As a result, Magistrate Judge Major found the
12 federal habeas corpus petition was timely.

13    Respondent objects to Magistrate Judge Major's finding the Petitioner is entitled to
14 equitable tolling.  Even assuming the prison lockdowns are considered to be "extraordinary
15 circumstances," Respondent argues the lockdowns were not the cause of Petitioner's untimeliness.
16 Respondent points out Petitioner's four claims are nearly identical to those raised in the state
17 habeas corpus petition, such that Petitioner did not need access to the law library to assert those
18 claims in his federal habeas corpus petition.  Respondent argues the Magistrate Judge engaged in
19 an ends-means analysis to cure the two day default, pointing to the fact the Petitioner was able to
20 eventually file his petition despite the continuous modified lockdown conditions at the prison.

### *Discussion*

22    The Ninth Circuit has held AEDPA's statute of limitations is subject to equitable tolling
23 when "extraordinary circumstances" beyond a prisoner's control prevented him from timely filing
24 his petition. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); see also Pace
25 v. DiGulielmo, 544 U.S. 408, 418 (2005) (assuming, without deciding, that the statute of
26 limitations under 28 U.S.C. § 2244(d)(2) may be equitably tolled).  Petitioner bears the burden of
27 demonstrating equitable tolling is appropriate.  Lawrence v. Florida, ___ U.S. ___, 127 S. Ct.
28 1079, 1085 (2007).  The petitioner's burden is very high, Miranda v. Castro, 292 F.3d 1063, 1069

1   (9th Cir. 2002), and the court's inquiry must be "highly fact-dependent." Whalem/Hunt v. Early,
2   233 F.3d 1146, 1148 (9th Cir. 2000); Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).

3   In his opposition to the motion to dismiss, Petitioner offered at least ten factual bases to
4   support his claim extraordinary circumstances prevented him from timely filing his petition.
5   [R&R, pp. 11-13; Petitioner's Response, pp. 3-6.] Petitioner also provided documentary proof
6   showing the prison was on continuous lockdown status from shortly after the California Supreme
7   Court denied his state habeas petition through the time he filed his federal habeas corpus petition.
8   Petitioner discussed the impact of those lockdowns upon his ability to pursue his legal remedies.
9   Magistrate Judge Major fully considered each of these reasons. [R&R, pp. 11-13.] Respondent
10  has not disputed the evidentiary showing made by Petitioner in support of the application of
11  equitable tolling. Respondent has not provided any contrary evidence regarding the nature and
12  extent of the prison lockdowns or the limitations imposed upon Petitioner's ability to access the
13  law library as a result of the lockdowns.

14  As Magistrate Judge Major noted in her Report and Recommendation, the fact Petitioner
15  missed the statute of limitations by two days does not justify application of equitable tolling.
16  However, Petitioner has made an extensive factual showing that his access to the law library was
17  substantially impacted by the continuous modified lockdown status. Respondent makes much of
18  the fact Petitioner's claims are nearly identical to those contained in his state petition.
19  Nonetheless, Petitioner was entitled to the opportunity to conduct additional research regarding
20  those claims, and determining whether those were the only claims he would raise, prior to filing
21  the federal petition.[3] The continuous modified lockdown conditions at the prison hindered
22  Petitioner's ability to complete his research and draft his federal habeas corpus petition in a timely
23  manner.

24  Therefore, the Court hereby REJECTS Respondent's objections to Magistrate Judge
25  Major's Report and Recommendation and ADOPTS in full the Report and Recommendation.
26  Petitioner is entitled to at least three days of equitable tolling, rendering his federal habeas corpus

---

[3] It is particularly appropriate that a habeas petitioner be given an opportunity to conduct research prior to filing a federal habeas corpus petition in light of AEDPA's limitations upon the filing of successive petitions.

1 | petition timely.  Respondent's motion to dismiss is DENIED.

2 |     Respondent shall file an Answer, addressing the merits of the claims raised in the Petition, on or before <u>June 11, 2007</u>.  Petitioner may file a traverse on or before <u>June 25, 2007</u>.

**IT IS SO ORDERED**.

DATED: **May 2, 2007**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**