# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONNE SINGLETON,<br><br>                              Petitioner,<br><br>vs.<br><br>L. E. SCRIBNER and BILL LOCKYER,<br><br>                            Respondents. | CASE NO. 06CV1392 - IEG (BLM)<br><br>**ORDER:**<br><br>**1) ADOPTING THE MAGISTRATE JUDGE'S REPORT (Doc. No. 40);**<br><br>**(2) REJECTING PETITIONER'S OBJECTIONS (Doc. No. 44); and**<br><br>**(3) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1).** |

      On July 7, 2006, petitioner Latonne A. Singleton, a state prisoner proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to United States Magistrate Judge Barbara L. Major pursuant to 28 U.S.C. § 636(b)(1)(B). On February 7, 2008, Magistrate Judge Major issued a Report and Recommendation ("Report") recommending the Court deny the petition for writ of habeas corpus. (Doc. No. 40.) Petitioner filed objections to the Report <u>nunc pro tunc</u> to March 19, 2008. (Doc. No. 44.)

      Following *de novo* review of petitioner's claims, the Court finds Magistrate Judge Major's Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition. For the reasons explained below, the Court: (1) adopts in full Magistrate Judge Major's Report; (2) rejects the petitioner's objections, and (3) denies the petition for writ of habeas corpus.

# BACKGROUND

**State Proceedings**

The Court hereby incorporates by reference the magistrate judge's accurate recitation of the facts as determined by the California Court of Appeal. (Report at 2-5.) As the magistrate judge correctly noted, the Court presumes state court findings of fact to be correct. In summary, petitioner had a "rocky" and jealous relationship with his girlfriend and cohabitant, Nicole S. He hit her on multiple occasions in 1997 and 1998. He raped her vaginally and anally on December 10, 1998. He threatened to shoot her and beat her with a stick on December 13, 1998.

An amended information filed December 9, 1999 charged petitioner with eighteen criminal counts, including multiple counts of cohabitant abuse, forcible rape, forcible sodomy, assault with a deadly weapon, making a terrorist threat, possession of a firearm by a felon, and torture. (Supp. Lodgment 1 at 9-16.) The jury convicted petitioner on seven counts of cohabitant abuse and one count of assault. The jury acquitted him of one of the counts of forcible sodomy, one of the counts of forcible rape, and one of the counts of assault with a deadly weapon or force likely to produce great bodily injury. The jury could not reach a verdict on the remaining counts, which included rape, assault, torture and sodomy.

The prosecution elected to retry petitioner on the unresolved counts. A second jury convicted petitioner of torture while armed with and personally using a deadly or dangerous weapon (a broom handle), forcible rape, forcible sodomy, and being a felon in possession of a firearm.

The trial court then sentenced petitioner to life in prison with the possibility of parole based on the torture count, with a three-year enhancement for using a firearm in the commission of torture. The court also sentenced petitioner to a consecutive determinate sentence of five years and eight months. The determinate term included three years for the first conviction of cohabitant abuse, one year for the second conviction of cohabitant abuse, an one year enhancement for having served a prior prison term, and eight months for possession of a firearm by a felon. Finally, the trial judge imposed four terms of three years each for the remaining convictions of cohabitant abuse, two terms of six years each for rape and forcible sodomy, and stayed those terms pursuant

to California Penal Code Section 654.[1]  (Supp. Lodgment 1 at 80-83.)

Petitioner appealed and the California Court of Appeal reversed his torture conviction. While the appellate court found the evidence on the torture conviction was sufficient to convict, it concluded the trial court had applied the wrong legal standard in denying petitioner's motion for new trial.  The trial court had expressed its belief the prosecution had not shown great bodily injury, but found under the law the evidence was adequate to support the conviction.  The appellate court remanded for further proceedings on the new trial motion, explaining the trial court had the discretion to grant a new trial based on its own view of the evidence.

On remand, the trial court granted the prosecution's motion to dismiss the torture count. The trial court re-sentenced petitioner to an aggregate term of 23 years in prison.  The sentence included six years for the rape conviction, six years for the forcible sodomy conviction, four years for the first cohabitant abuse conviction, one year each for five additional cohabitant abuse convictions, one year for using a firearm in committing felony cohabitant abuse, and an one year enhancement for having served a prior prison term.  (Supp. Lodgment 1 at 78.)

Petitioner again appealed, and the Court of Appeal affirmed the sentence.  Petitioner filed a petition for discretionary review, which the California Supreme Court denied without citation on May 12, 2004.  Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on September 7, 2004, raising identical claims to those asserted in this federal petition. (Lodgments 2 & 4.)  The California Supreme Court denied his petition without citation on July 27, 2005.  (Lodgment 3.)

**Federal Proceedings**

Petitioner filed his federal petition for writ of habeas corpus on July 7, 2006.  (Doc. No. 1.) His petition alleges four grounds for reversal of his conviction: first, the jury failed to make a finding of great bodily injury, thus making his conviction unconstitutional; second, the jury's failure to make such a finding constituted an acquittal; third, the trial court should have recognized this acquittal; and finally, the court failed to ensure guilt or innocence was determined in an

---

[1] As discussed later, the conduct in those counts was also the basis for the torture count.  Under California law, the sentencing court imposes the higher sentence when conduct may be penalized by more than one provision of the penal code.

- 3 - 06CV1392

1 orderly fashion as guaranteed by the Fourteenth Amendment.

2 Respondent moved to dismiss the petition on November 13, 2006, arguing the petition was
3 untimely and barred by the statute of limitations. (Doc No. 13.) The Court adopted the magistrate
4 judge's Report and Recommendation and denied the motion to dismiss on May 2, 2007. (Doc. No.
5 22.) Respondent filed an answer to the petition on July 10, 2007. (Doc. No. 25.) Petitioner filed a
6 traverse on September 24, 2007. (Doc. No. 36.) Magistrate Judge Major issued a Report on
7 February 7, 2008 recommending the Court deny the petition for writ of habeas corpus. (Doc. No.
8 40.) Petitioner filed objections to the Report nunc pro tunc to March 19, 2008. (Doc. No. 44.)

## DISCUSSION

**A.    Legal Standards**

The magistrate judge set forth the appropriate standard of review with regard to the petition. (Report at 5-7.) Where, as here, the California Supreme Court summarily denied petitioner's request for review, the Court analyzes the California Court of Appeal's opinion as the "last reasoned decision" on the merits of petitioner's case. Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Medina v. Hornung, 386 F.3d 872, 877 (9th Cir. 2004). A petition under 28 U.S.C. § 2254 can be granted only if the California courts decided petitioner's case in a manner that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 403, 412-13 (2000).

The Court reviews de novo those portions of the Report to which petitioner objects. 28 U.S.C. § 636(b)(1)(C); Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004).

**B.    Petitioner's Torture Conviction**

The magistrate judge recommended the Court find the first three grounds of the petition moot. In those grounds, petitioner attacks his conviction for torture. Petitioner argues that conviction is unconstitutional because (1) the jury was required to make a special finding of great bodily injury, but it did not make such a finding, (2) the jury's failure to make the special finding converted its guilty verdict to an acquittal, and (3) the trial court proceeded to sentencing without

recognizing petitioner's acquittal. (Petition at 28-32.) The magistrate judge recommended the Court deny the petition on these grounds because petitioner's torture conviction was reversed by the appellate court and the prosecution dismissed the charge.

As the magistrate judge explained, petitioner's claim that the dismissed count is unconstitutional is moot unless petitioner suffers from collateral consequences of his wrongful conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Petitioner argues his "increased sentence" on remand is a collateral consequence of his torture conviction. Insofar as petitioner claims his sentence on remand was unconstitutional, petitioner states a claim which this Court considers as the last ground of the petition. But insofar as petitioner argues the torture conviction itself was constitutionally infirm, that count was dismissed and petitioner's claims are moot.

Accordingly, the Court adopts the Report, rejects petitioner's objections, and denies the petition as to claims one, two, and three.

**C.     Petitioner's Altered Sentence on Remand**

As the magistrate judge recognized, petitioner's primary challenge is to the trial court's alteration of his sentence on remand. The trial court initially sentenced petitioner to life without the possibility of parole, plus three years, and an additional determinate sentence of five years and eight months. The trial court stayed imposition of the sentence on his other convictions pursuant to Section 654 of the California Penal Code. Under that Section:

> an act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

Calif. Penal Code § 654. Accordingly, the trial court stayed the imposition of the sentences on the rape, sodomy, and cohabitant abuse convictions because the underlying conduct was the subject of the torture conviction. When the appellate court reversed petitioner's torture conviction and the prosecution chose to dismiss that count, the trial court lifted the stay on the counts subsumed by the torture life sentence.

//

//

Petitioner's Claims

As discussed in claims one through three, petitioner argues he was "technically" acquitted of torture, due to the jury's failure to make a special finding of great bodily injury. In claim four, he argues California Penal Code Section 654 bars imposition of sentences on the rape, sodomy, and cohabitant abuse convictions, because those offenses were included in the torture acquittal. Petitioner claims his re-sentencing on those counts violated his right to due process of law.

The Magistrate Judge's Report

The magistrate judge correctly explained this Court may not grant the writ of habeas corpus for a violation of California state law. (Report at 10 (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).) Magistrate Judge Major also correctly noted the state courts correctly applied California Penal Code Section 654 in this case. (Report at 11, n.5.)

The magistrate judge found that to the extent petitioner raises a federal claim that his re-sentencing violated his due process rights, that claim should be denied. Petitioner objects to the higher determinate sentence he received upon re-sentencing than that imposed at his initial sentencing. Under federal and California precedent, courts are authorized to re-sentence a defendant if an appellate court overturns one of multiple convictions. United States v. Ruiz-Alvarez, 211 F.3d 1181, 1184 (9th Cir. 2000). The court violates the defendant's right to due process of law if it acts vindictively in its sentencing decisions on remand in order to penalize the defendant for exercising the right to appeal. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Because the trial court did not increase petitioner's aggregate sentence on remand and there was no evidence of vindictiveness, the magistrate judge concluded petitioner's re-sentencing did not violate due process. Accordingly, the magistrate judge recommended the Court find the California Court of Appeal did not unreasonably apply federal constitutional law in affirming petitioner's sentence.

Petitioner's Objections

Petitioner objects that the trial court violated California law. (E.g., Objections at 5-6 (claiming trial court abused its discretion under Section 654)). The federal writ of habeas corpus is not a remedy for alleged violations of state law, and thus the Court rejects this objection.

1 Estelle, 502 U.S. at 67-68.

2 Petitioner also objects that his acquittal for torture made re-sentencing inappropriate. As an initial matter, a review of the record indicates petitioner was never acquitted of torture. The jury reached a guilty verdict and the appellate court found sufficient evidence had been presented to support the verdict. The appeals court reversed because the trial judge applied the wrong legal standard in denying petitioner's motion for new trial. Appellate reversal of a conviction is only treated as an acquittal when the court reverses the defendant's conviction based on insufficiency of the evidence. Burks v. United States, 437 U.S. 1, 18 (1978); Montana v. Hall, 481 U.S. 400, 402 (1987). Accordingly, petitioner was never acquitted on the torture count. Moreover, even if the California courts had accepted petitioner's argument that the jury's failure to make a specific finding of great bodily injury transformed the jury's guilty verdict into an acquittal, his convictions for rape, sodomy, and cohabitant abuse would not have been affected. Unlike torture, none of those counts include great bodily injury as an element. See Calif. Penal Code §§ 261(a)(2); 286(c)(2); 273.5(a). Thus the trial court would still have imposed appropriate sentences on the unaffected counts.

As the magistrate judge correctly explained, trial courts must comply with the Due Process Clause when re-sentencing a defendant after an appellate court reverses and remands. Under North Carolina v. Pearce, an increase in sentence on remand raises a presumption that the trial court acted vindictively. 395 U.S. at 726. This presumption does not arise if the aggregate sentence on remand is the same or shorter than the initial sentence. United States v. Todd, 964 F.2d 925, 932 (9th Cir. 1992); United States v. Hagler, 709 F.2d 578 (9th Cir. 1983). In this case, petitioner's aggregate sentence was reduced from life in prison plus eight years and eight months to twenty-three years. This is a reduction in sentence, and thus the Court does not presume the trial court acted vindictively.

Without the Pearce presumption, petitioner bears the burden of producing evidence that the trial court acted vindictively in imposing the new sentence. See Alabama v. Smith, 490 U.S. 794 (1989). Petitioner has offered no evidence that the trial court attempted to punish petitioner for

appealing his convictions.[2] The trial court imposed the same sentences that it had previously stayed, including six years for rape, six years for forcible sodomy, and one year for each additional cohabitant abuse conviction. The trial court did not increase the sentence on any individual conviction, and overall it substantially reduced petitioner's sentence. Petitioner's sentence thus was not contrary to, or an unreasonable application of, clearly established federal constitutional law.

Accordingly, the Court adopts the Report, rejects petitioner's objections, and denies the petition as to claim four.

## CONCLUSION

For the foregoing reasons, the Court (1) ADOPTS the magistrate judge's Report in its entirety; (2) REJECTS petitioner's objections; and (3) DENIES the petition for writ of habeas corpus.

**IT IS SO ORDERED.**

**DATED: June 20, 2008**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[2] The circumstances of the remand in this case make it particularly unlikely the trial court re-sentenced petitioner based on improper motivations. The appellate court found the trial court had more discretion than it believed it had to grant petitioner's new trial motion. The appellate court thus held the trial court could follow its inclination that defendant did not commit great bodily injury, acting as a "13th juror." (Lodgment 4 at 74-78.)